IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN DUKES,

    Plaintiff,                    No. CIV S-09-1302 GGH P

    v.

WARDEN HEADGE, et al.,

    Defendants.             <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff has not submitted an application to proceed in forma pauperis.

        The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is

---

[1] Although plaintiff uses a habeas petition form, to the extent his filing is legible, he appears to be challenging the conditions of his confinement. Prior to transferring this case, the Clerk of the Court will be directed to re-designate it as one brought pursuant to 42 U.S.C. § 1983. In the event he is really challenging a disciplinary placement in the hole, the "conviction" took place in Monterey County as well.

1   no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

2         In this case, none of the defendants reside in this district.  The claim arose in Monterey County, which is in the Northern District of California.  Therefore, plaintiff's claim should have been filed in the United States District Court for the Northern District of California. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district.  <u>See</u> 28 U.S.C. § 1406(a); <u>Starnes v. McGuire</u>, 512 F.2d 918, 932 (D.C. Cir. 1974).

        Accordingly, IT IS HEREBY ORDERED that:

        1. The Clerk of the Court re-designate this action as one brought pursuant to 42 U.S.C. § 1983; and

        2. This matter is transferred to the United States District Court for the Northern District of California.

DATED: May 19, 2009

        /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009/md
duke1302.21

2