IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MELVIN DUKES,                                        No. C 09-02201 SBA (PR)

        Plaintiff,                          **ORDER OF DISMISSAL**

  v.

WARDEN HEADGE, et al.,

        Defendants.

_____/

      Plaintiff, a state prisoner, filed this pro se civil rights action under 42 U.S.C. § 1983 in the United States District Court for the Eastern District of California.  In an Order dated May 19, 2009, the Honorable Gregory G. Hallows of the Eastern District ordered it transferred to this Court on venue grounds.

      On May 21, 2009, the instant case was received by this Court.  On that same date, the Clerk of the Court sent Plaintiff a notice that this case had been transferred to this Court.  On May 26, 2009, the Clerk sent Plaintiff another notice that he had neither paid the filing fee nor submitted a completed application for leave to proceed in forma pauperis (IFP).  The Clerk provided a copy of the prisoner's IFP application form, along with a return envelope, instructions, and a notification that the case would be dismissed if Plaintiff failed to pay the fee or file the completed IFP application within thirty days.  Both the May 21, 2009 and May 26, 2009 Clerk notices were returned as undeliverable with a notation:  "Return to Sender -- Inmate Refused."

      In an Order dated July 17, 2009, the Court directed Plaintiff to inform the Court of his continued intent to prosecute this action.  The Court informed Plaintiff that if he failed to do so within thirty days, this action would be dismissed without prejudice for failure to prosecute.  The Order was sent to Plaintiff at his last known address, Salinas Valley State Prison, and it was not returned as undeliverable.

      More than thirty days have passed, and Plaintiff has filed no response to the Court's July 17, 2009 Order.  He has failed to communicate with the Court since this case has been transferred to this district.  A district court may sua sponte dismiss an action for failure to prosecute or to comply with

1   a court order pursuant to Federal Rule of Civil Procedure 41(b).  See Link v. Wabash R.R., 370 U.S.

2   626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991).  The court should consider

3   five factors before dismissing an action under Rule 41(b): (1) the public interest in the expeditious

4   resolution of the litigation: (2) the court's need to manage its docket; (3) the risk of prejudice to the

5   defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the

6   disposition of actions on their merits.  See Malone v. United States Postal Serv., 833 F.2d 128, 130

7   (9th Cir. 1987).[1]  The first three factors, above, weigh in favor of dismissal in light of the fact that

8   Plaintiff has not pursued this matter since it has been transferred to this district.  In addition, he has

9   refused two notices from the Clerk and failed to respond to the Court's July 17, 2009 Order.  The

10  fourth factor also weighs in favor of dismissal because less drastic sanctions would have little impact

11  in light of Plaintiff's apparent lack of interest in this case.  Although the fifth factor appears to weigh

12  against dismissal, dismissal is appropriate in light of the other four factors.  See Pagtalunan v.

13  Galaza, 291 F.3d 639, 643 (9th Cir. 2002) (finding district court did not abuse its discretion in

14  dismissing petition with prejudice where three of the five factors weighed in favor of dismissal).

15          In light of the foregoing, this action is hereby DISMISSED for failure to prosecute, pursuant

16  to Federal Rule of Civil Procedure 41(b).

17          The Clerk of the Court shall close the file and terminate any pending motions.

18          IT IS SO ORDERED.

19  DATED: 8/27/09

SAUNDRA BROWN ARMSTRONG
United States District Judge

20

21

22

23

24

25

26

27          [1]  The court should also afford the litigant prior notice of its intention to dismiss, id. at 133, as
this Court has done.

28  P:\PRO-SE\SBA\CR.09\Dukes2201.41(b)-DISMISSAL.wpd

1   UNITED STATES DISTRICT COURT
    FOR THE
2   NORTHERN DISTRICT OF CALIFORNIA

3

4   MELVIN DUKES,                                  Case Number: CV09-02201 SBA

              Plaintiff,
5                                                  **CERTIFICATE OF SERVICE**

6     v.

7   HEADGE et al,

              Defendant.
8   _____/

9

10  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
    Court, Northern District of California.

11  That on August 27, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said
    copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
12  envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
    located in the Clerk's office.

13

14

15  Melvin Dukes D-33572
    Salinas Valley State Prison
16  P.O. Box 1050
    Soledad, CA 93960-1050
17
    Dated: August 27, 2009
18                                         Richard W. Wieking, Clerk
                                           By: LISA R CLARK, Deputy Clerk
19

20

21

22

23

24

25

26

27

28
    P:\PRO-SE\SBA\CR.09\Dukes2201.41(b)-DISMISSAL.wpd

United States District Court
For the Northern District of California